**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF | 6500 Cherrywood Lane |
| TIMOTHY J. SULLIVAN | Greenbelt, Maryland 20770 |
| UNITED STATES MAGISTRATE JUDGE | Telephone: (301) 344-3593 |

October 19, 2021

LETTER TO COUNSEL:

      RE:    *Michelle J. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
                Civil No. TJS-20-2116

Dear Counsel:

      On July 20, 2020, Plaintiff Michelle J. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 17 & 20. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

      Michelle J. protectively filed her application for DIB on July 21, 2017. Tr. 17. She alleged a disability onset date of February 25, 2017. *Id.* Her application was denied initially and upon reconsideration. *Id.* She requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") for a hearing on July 9, 2019. *Id.* In a written decision dated August 14, 2019, the ALJ found that Michelle J. was not disabled under the Social Security Act. Tr. 17-34. Michelle J. now seeks review of the ALJ's decision.

      The ALJ evaluated Michelle J.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Michelle J. did not engage in substantial gainful activity during the period from her alleged onset date of February 25, 2017, through her date last insured of June 30, 2019. Tr. 19. At step two, the ALJ found that Michelle J. suffers from the following severe impairments: Affective mood disorder, Sjogren's syndrome, arthritis, migraines, seizure disorder, posttraumatic stress disorder, substance use disorder, and mild early onset Parkinson's disease. *Id.* At step three, the ALJ found Michelle J.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 20-24. The ALJ determined that Michelle J. retains the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Deborah L. Boardman. On June 30, 2021, it was reassigned to me.

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can never climb ropes, ladders, and scaffolds; and can frequently handle and finger bilaterally. Additionally, the claimant would need to avoid all exposure to hazards such as dangerous machinery and unprotected heights. Furthermore, the claimant is limited [to] simple, routine, and repetitive tasks with no production rate for pace of work and occasional interaction with the general public and co-workers.

Tr. 25.

At step four, the ALJ determined that Michelle J. is unable to perform any past relevant work. Tr. 32 At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Michelle J. can perform, including inspector and ticket taker. Tr. 33. Accordingly, the ALJ found that Michelle J. was not disabled under the Social Security Act. Tr. 34.

Michelle J. presents two arguments in this appeal: (1) the ALJ erred by using an undefined term ("production rate for pace of work") in the hypothetical to the VE and in the RFC determination; and (2) the ALJ improperly evaluated the claimant's fibromyalgia diagnosis.

After a careful review of the ALJ's opinion and the evidence in the record, I agree with Michelle J. that the ALJ's reliance on a hypothetical and an RFC that limited the claimant to performing work not at a "production rate for pace" runs afoul of the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019) (holding that an ALJ's description of work "requiring a production rate or demand pace" failed to give the court "enough information to understand what those terms mean," making it impossible for the court to consider whether the RFC that incorporated those terms was supported by substantial evidence). I decline to address the claimant's second argument and express no opinion on the ultimate issue of whether she is disabled under the Social Security Act.

In this case, the ALJ committed the same error as in *Thomas*. The ALJ's hypothetical and RFC determination limited Michelle J. to "simple, routine, and repetitive tasks with no production rate for pace of work." Tr. 25. The ALJ does not define the term "production rate for pace of work" and the Court is uncertain what the ALJ meant by this term. This "makes it difficult, if not impossible," for the Court to determine whether the ALJ's decision is supported by substantial evidence. *Thomas*, 916 F.3d at 312 (4th Cir. 2019); *see also Steven S. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-1055, 2020 WL 1929628, at *3 (D. Md. Apr. 21, 2020) (remanding for further explanation where ALJ's RFC determination precluded claimant from performing "production pace work" because that term was not defined and distinguishing other cases where similar terms had been defined or sufficiently explained to allow for review).

It is unclear whether the VE and the ALJ had a shared understanding of the meaning of the term "production rate for pace of work." Importantly, the ALJ did not define the term in connection with his hypothetical to the VE. For this reason, the Court cannot assume that the meaning the ALJ ascribed to the term was understood by the VE. *Id.* at *3 ("The Court cannot decisively say that, had the ALJ defined or explained the term 'production pace work,' the VE would have identified

the same, or any, positions that the hypothetical person could perform."); *see also Brenda C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3234, 2019 WL 4017024, at *2 (D. Md. Aug. 26, 2019) ("[G]iven the Fourth Circuit's discussion of the phrases 'production rate' or 'demand pace' in *Thomas*, 916 F.3d at 312, this Court cannot adequately say whether the ALJ's inclusion of the phrase 'not at a production pace' in Plaintiff's RFC limitation was harmless."); *Geneva W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) ("[W]hile the VE's testimony does not evince any confusion about the terms of the hypothetical, the Court has an independent duty to determine if the ALJ supported her findings with substantial evidence.").

As Judge Boardman explained under similar circumstances in *Taishika C. v. Saul*, No. DLB-19-1994, 2020 WL 2994487, at *4 (D. Md. June 4, 2020), the Court "cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the term[]" "production rate for pace of work." The ALJ did not define the meaning of the term "production rate for pace of work," and the term is "not common enough" for the Court to know what it means without elaboration. *Thomas*, 916 F.3d at 312. As such, the Court cannot decisively say that, had the ALJ defined or explained the term "production rate for pace of work," the VE would have identified the same, or any, positions that the hypothetical person could perform. *Geneva W.*, 2019 WL 3254533, at *3.

Remand is required so that the ALJ may provide an explanation that complies with *Thomas*. Accordingly, both parties' motions for summary judgment (ECF Nos. 17 & 20) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

    Sincerely yours,

    /s/
    Timothy J. Sullivan
    United States Magistrate Judge